UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL PARKER                                              CIVIL ACTION

v.                                                          NO. 12-2878

AMALGAMATED TRANSIT UNION                                   SECTION "F"
LOCAL 1560

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to Amalgamated Transit Union Local 1560's motion for summary judgment, or its motion to deem requests for admission admitted, noticed for submission on August 7, 2013, has been submitted.

Accordingly, the motions are deemed to be unopposed, and further, it appearing to the Court that the motions have merit,[1] IT

---

[1] The defendant requests that the Court deem its requests for admissions admitted because the plaintiff has failed to respond to its written discovery, which was served on April 18, 2013. Plaintiff has failed to respond notwithstanding the facts that (1) defense counsel contacted the plaintiff twice seeking responses; and (2) defense counsel filed an unopposed motion to compel discovery, which was granted by the magistrate judge on July 23, 2013. The defendant's requests for admissions are deemed admitted. See Fed.R.Civ.P. 36(a)(3).
   The defendant next submits that the plaintiff cannot sustain his claim that ATU 1560 breached its duty of fair representation because the record shows that its handling of the plaintiff's grievances was reasonable and Veolia had good cause to terminate the plaintiff's employment. Based on the applicable case literature and the record, the Court finds that ATU 1560 has demonstrated entitlement to summary relief.
   Section 9(a) of the National Labor Relations Act

1

---

authorizes NLRB-certified or employer-recognized unions to act as the exclusive barganing agent for an appropriate bargaining unit of employees.  29 U.S.C. § 159(a).  To assure that this power is not abused, federal labor law imposes on unions a statutory duty to fairly represent all workers in the bargaining unit, which includes the duty to treat all such workers without hostility or discrimination, to exercise its discretion with good faith and honesty, and to avoid arbitrary conduct.  Marquez v. Screen Actors Guild, 525 U.S. 33, 44 (1998); Vaca v. Sipes, 386 U.S. 171 (1967). The standard by which courts must measure a union's conduct is whether "if, in light of the factual and legal landscape at the time of the union's activities, the union's behavior is so far outside a 'wide range of reasonableness' ... as to be irrational." Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65 (1991).  Thus, a plaintiff seeking to prove that his union breached its duty of fair representation in its handling of grievances must offer evidence that the Union's actions were arbitrary, discriminatory, or in bad faith.  See Vaca, 386 U.S. at 190.  Moreover, even if the employee chooses to sue only one defendant (and not both the employer and the union), he must still prove both elements of his claim:  that the employer violated § 301 of the LMRA by breaching the contract; and that the union breached its duty of fair representation by mishandling or failing to invoke the grievance-and-arbitration proceedings.  Reed v. United Transportation Union, 488 U.S. 319, 328 (1983); Barrett v. EBASCO Constructors, Inc., 868 F.2d 170, 172 (5th Cir. 1989).  Finally, an employee does not have an absolute right to have a grievance filed or to have a grievance taken through the arbitration process.  See Vaca, 386 U.S. at 171.

ATU 1560 submits this record in support of its request for summary relief.  The plaintiff was employed by Veolia Transportation as a streetcar operator.  The record shows that Parker had a long discipline history resulting in suspensions and being terminated.  The record also shows that ATU 1560 has grieved Parker's discipline on a number of occasions, including Parker's January 6, 2010 termination for working a second job while out sick.  After ATU 1560 obtained Parker's reinstatement, Parker eventually returned to work on March 22, 2010 (after having been out sick from September 14, 2009 to January 6, 2010).  Parker again informed Veolia he was sick on September 12, 2010.  On November 2, 2010 Veolia sent Parker a letter informing him he was terminated for job abandonment; Parker was instructed to contact the company within seven days.  He failed to do so.  But, the record suggests, Parker informed Darrell Felix, ATU 1560's Financial Secretary, that he had received the letter on November 9, 2010.  (Parker later took the position that he never received the letter).  Parker also told Felix that he did not wish to file a grievance concerning his

IS ORDERED that the defendant's motion to deem requests for admissions admitted and its motion for summary judgment are GRANTED as unopposed. The plaintiff's case is hereby dismissed.[2]

New Orleans, Louisiana, August 7, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

November 18, 2010 termination. When Parker attempted to return to work in June 2011, about seven months later, Parker was told that his employment had been terminated. Nevertheless, ATU 1560 filed a grievance on June 27, 2011, after Parker said that he had failed to receive Veolia's November 2 letter; the grievance was denied as untimely.

The record suggests that Parker, Felix, Joseph Prier, and Julie Richard-Spencer (ATU 1560's lawyer) met on June 30, 2011; Richard-Spencer requested additional medical documentation because the one-page letter Parker had submitted authorizing his return to work was insufficient. But Parker never contacted Richard-Spencer after the meeting and never supplied additional medical documentation. ATU 1560 exhausted steps 1-3 of the grievance procedure and did not request arbitration of the grievance. ATU 1560 submits that it did not refuse to proceed to arbitration out of hostility but, rather, decided not to arbitrate the grievance because it reasonably believed that it would be unsuccessful under the circumstances, including Parker's admission that he received the November 2 letter, Parker's failure to contact the company, and the untimeliness of the grievance. The record supports ATU 1560's position that it acted reasonably under the circumstances.

The plaintiff has not offered any evidence whatsoever in support of his claim. Nor is there any evidence in the record that would support a finding that the union acted in an arbitrary or discriminatory fashion. Summary judgment is proper if the party opposing the motion (here, Mr. Parker) fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

[2]In light of this Court's ruling on summary judgment, the defendant's other (unopposed) motions (motion to continue discovery deadline and motion to continue trial and pretrial deadlines) are DENIED as moot.